# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

## EUGENE TANNER v. EMILY JOSLIN AND OTHERS.[1]

### January 7, 1916.

### Nos. 19,349—(35).

**Broker — verdict sustained by evidence.**

1. Evidence considered and *held* sufficient to sustain the finding of the jury that defendants had agreed that, in case plaintiff procured a purchaser for their farm at a price above $90 per acre, he should receive for his services the amount received for the farm over and above that price, and that plaintiff had procured such purchaser.

**Charge to jury.**

2. The charge to the jury was without prejudicial error.

Action in the district court for Waseca county to recover $800. The case was tried before Childress, J., and a jury which returned a verdict for the amount demanded. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*P. McGovern* and *Booth & McDonald,* for appellants.

*Moonan & Moonan,* for respondent.

1 Reported in 155 N. W. 762.

TAYLOR, C.

The complaint contains allegations to the effect that defendants promised that, in case plaintiff procured a purchaser at a price above $90 per acre for a farm of 160 acres owned by them, they would pay him for his services whatever amount they received for the farm over and above $90 per acre; that plaintiff procured a purchaser for the farm at the price of $95 per acre, and that the farm was sold to such purchaser for that price. The defendants denied making any such agreement.

It appears that defendants are brothers and sisters; that they had inherited the farm from their deceased parents, and had decided to sell it for $90 per acre; that, as they resided in different localities—some of them in distant states—they had all authorized defendant Thomas Farley to represent them and make the sale, and that the farm was sold for $95 per acre to the purchaser whom plaintiff claims to have procured.

The court submitted two questions to the jury: Whether plaintiff had made with Thomas Farley such an agreement as plaintiff claimed; and whether plaintiff was the procuring cause of the sale. The court instructed the jury in effect that if they decided both these questions in favor of plaintiff, they should return a verdict in favor of plaintiff for the sum of $800, the amount received for the land over and above $90 per acre. The jury returned a verdict for plaintiff for $800. Defendants thereafter moved in the alternative for judgment notwithstanding the verdict, or for a new trial, and appealed from the denial of this motion.

Defendants contend that the evidence is not sufficient to sustain a finding that Thomas Farley made the agreement alleged, and is also not sufficient to sustain a finding that plaintiff was the procuring cause of the sale.

Eugene Erwin is the husband of defendant Nellie Erwin (named in the complaint as Nellie Farley), and was engaged in threshing at plaintiff's farm. Thomas Farley and his younger brother, Myrton, drove out to plaintiff's farm and had a conversation with Erwin, in which the conclusion was announced that the Farley farm was for sale at $90 per acre. Plaintiff testified that he heard this conversation; that the statement was made that whoever sold the land at $90 per acre would receive $200

commission; that he, plaintiff, asked whether "it is in the land agent's hands to sell;" that Erwin in the presence and hearing of both the Farleys replied: "No, anybody has a right to sell it;" and that he, plaintiff, then said: "Well, I am going to try and sell the place." Plaintiff also testified that at the same time he was told in substance that, if he sold the farm for more than $90 per acre, he could have whatever amount he sold it for above that price. Plaintiff testified that this conversation was with Erwin, but in the immediate presence of Thomas Farley, and followed the discussion between Farley and Erwin as to the terms of sale. The Farleys and Erwin deny any such conversation. Erwin testified that he merely asked plaintiff why he, plaintiff, did not buy the farm. Shortly afterward plaintiff had a talk with Reinhold Born in reference to the purchase of the farm by Born, and a week later went out to the farm with Born and looked it over. Plaintiff told Born that the farm was for sale at $95 per acre, and that one of the heirs, Mrs. Erwin, lived near, and suggested that they drive over and see her about it. They did so. Born remained in the buggy while plaintiff went to the house and brought Mrs. Erwin out to the road. On the way out, plaintiff told her to make the price $95 per acre. In the conversation with Born she told him the land was for sale at $95 per acre, and he stated that if he concluded to purchase it, he would let her know within a week. Within the specified time, Born notified Mrs. Erwin that he would take the land. She notified Thomas Farley, and he came and closed the sale at $95 per acre.

The evidence made a question for the jury upon both propositions submitted to them and their verdict must stand.

Defendants also insist that the court erred in giving the following instructions to the jury:

"In this case the defendants were represented by Thomas Farley, so that any agreement which the plaintiff had with the defendants must have been through Thomas Farley. The question is, what was the agreement between the plaintiff and Thomas Farley? It is not necessary to the validity of this agreement that it should be in writing. There would be no necessity for any verbal agreement, any agreement in words, directly between the plaintiff and Thomas Farley. If the evidence in this case satisfies you by a fair preponderance of the weight of it that by

their conduct there was an agreement between the plaintiff and the defendant for the plaintiff to get a buyer for this land at $95 per acre, and that if he did so, he was to get a commission of five dollars an acre, then that would be sufficient, and I say the burden of proof is upon the plaintiff to satisfy you by a fair preponderance of the evidence that that was the agreement. He bases his claim upon that agreement, and I say that an agreement of that kind may be established by the conduct of the parties or it may come about indirectly through other parties, but I say it is necessary for the plaintiff to satisfy the jury that he had this agreement with Thomas Farley, but that the conditions of that agreement may be established by words or by conduct or by any connection with the parties, or indirectly through some one else that might have been acting for Thomas Farley."

This instruction was unquestionably predicated upon the conversation between Thomas Farley and Erwin, and between plaintiff and Erwin in the presence of Farley; and we think the instruction contained nothing unduly prejudicial to defendants. If the jury believed plaintiff's testimony as to that conversation and the circumstances under which it took place, they could find that Thomas Farley acquiesced in the statement made by Erwin as correctly expressing the proposition made by the owners of the property to anyone who should succeed in finding a purchaser for it.

We find no other questions which require special mention.

Order affirmed.